BARFIELD, Judge,
dissenting:
In this case the trial judge construed the following provision of a contract between the parties:
On January 1, 1986 and on January 1 of each succeeding year thereafter, for so long as the Husband is obligated to pay child support, the amount of support shall be adjusted upward to reflect an increase in child support of ten per cent (10%) per child of the Husband’s gross increase in annual income over the previous year, or a total of thirty per cent (30%) increase.
The trial judge construed that provision to be unambiguous and clearly mean that every year 30% of the increase in the husband’s gross income would be added to child support without regard to the number of children then being supported. While there were three children no problem existed. Now there are only two. In the future there will be only one.
Not only does there appear to be some ambiguity in the meaning of that provision of the contract, but in my judgment a construction that says that there shall always be an increase of 30% of the gross increase in income comports with neither reason and logic nor common sense.
I would reverse the trial judge on his construction of this provision of the agreement.